**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


**JOSHUA WHETHERS,**

        **Plaintiff,**

    **v.**

                                    **Civil Action 2:25-cv-1522**
                                      **Chief Judge Sarah D. Morrison**
                                      **Magistrate Judge Chelsey M. Vascura**

**OFFICER McCOY,** *et al.***,**

        **Defendants.**


**ORDER and REPORT AND RECOMMENDATION**

Plaintiff, Joshua Whethers, an Ohio inmate who is proceeding without the assistance of

counsel, sues several correctional officers of Ross Correctional Institution under 42 U.S.C.

§ 1983 for excessive force in violation of his Eighth Amendment rights. This matter is before the

Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to

identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion

of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or

seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.

1997). Having performed the initial screen, Plaintiff **MAY PROCEED** on his individual-

capacity claims for damages against Defendants McCoy and Reynoso, but it is

**RECOMMENDED** that the Court **DISMISS** Plaintiff's remaining claims for failure to state a

claim on which relief may be granted.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 7.) Plaintiff must pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he has $27.55 in his prison account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate ID Number A791882) at the Ross Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00, until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

Prisoner Accounts Receivable
260 U.S. Courthouse
85 Marconi Boulevard
Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs

had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office.

## I.  STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e):

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> \* \* \*
>
> (B) the action or appeal—
>
> > (i) is frivolous or malicious; [or]
> >
> > (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

3

Further, to state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim

4

asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.     ANALYSIS

Plaintiff alleges that in April 2025, Plaintiff was walking to his dorm following the evening meal. Defendant Officer Lindsey "asked [Plaintiff] to get on the wall . . . without provocation" and "frisked and harassed [Plaintiff] without provocation." (Compl. 5, ECF No. 1.) Defendant Officer Reynoso then cuffed Plaintiff, stating that Plaintiff was being uncooperative and resisting, even after Plaintiff was handcuffed from behind. Reynoso then "slammed [Plaintiff] to the ground." (*Id.*) Defendant Officer McCoy arrived and told Plaintiff to stand up, but Plaintiff was unable to do so due to being handcuffed. McCoy then sprayed mace in Plaintiff's face. (*Id.*) Plaintiff alleges that these actions constituted excessive force and assault and seeks damages of $1 million. Service forms submitted by Plaintiff indicate that Plaintiff sues each Defendant in both their official and individual capacities. (ECF No. 5.)

The undersigned construes Plaintiff's Complaint to advance official- and individual-capacity claims for damages against each of the three Defendants for excessive force in violation of the Eighth Amendment.[1] Having performed the initial screen of Plaintiff's Complaint, Plaintiff may proceed on his individual-capacity claims for damages against Defendants Reynoso and McCoy for excessive force. Plaintiff's remaining claims, however, must be dismissed.

First, Plaintiff's official-capacity claims are barred by the doctrine of sovereign immunity. A suit against a state official in his or her official capacity is "not a suit against the

---

[1] Plaintiff also makes a passing reference to the Fourteenth Amendment; however, excessive force claims brought by convicted persons are governed by the Eighth Amendment, not the Fourteenth. *See Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2013). Nor can the undersigned discern any property or liberty interest implicated by Plaintiff's allegations as would be necessary to advance a due process claim under the Fourteenth Amendment. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

official but rather is a suit against the official's office," and is therefore "no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). As Defendants are employees of the Ohio Department of Rehabilitation and Corrections, Plaintiff's official-capacity claims are in essence claims against the state of Ohio. The Eleventh Amendment operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cty.*, 211 F.3d 331, 334 (6th Cir. 2000). "There are three exceptions to sovereign immunity: (1) when the state has waived immunity by consenting to the suit, (2) when Congress has expressly abrogated the states' sovereign immunity, and (3) when the doctrine set forth in *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), applies." *Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017) (citation omitted). None of these exceptions apply to Plaintiff's Complaint. First, "Ohio has not waived sovereign immunity in federal court." *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Second, "Section 1983 does not abrogate Eleventh Amendment immunity." *Boler*, 865 F.3d at 410 (citing *Will*, 491 U.S. at 66). Third, the *Ex Parte Young* doctrine applies only when a plaintiff brings "claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations." *Boler*, 865 F.3d at 412. Plaintiff's claims for damages fall outside the scope of *Ex Parte Young*. Accordingly, any claims against Defendants in their official capacities must be dismissed.

As to Plaintiff's individual capacity claims, the Eighth Amendment prohibits the unnecessary and wanton infliction of pain against prisoners. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citing *Whitley v. Albers,* 475 U.S. 312, 319 (1986)). To make out a claim

under the Eighth Amendment, the prisoner must satisfy both an objective and a subjective component. *Id.* (citing *Moore v. Holbrook*, 2 F.3d 697, 700 (6th Cir.1993)).

The objective component requires the pain inflicted to be "sufficiently serious." *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). Yet the seriousness of the injuries is not by itself dispositive. *Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010) (per curiam). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident." *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). "Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Id.*

The subjective component focuses on the state of mind of the prison officials. *Williams*, 631 F.3d at 383. The "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins*, 449 U.S. at 37 (quoting *Hudson*, 503 U.S. at 7).

The undersigned finds that Plaintiff has sufficiently alleged an excessive force claim against Defendants Reynoso and McCoy. Plaintiff has not, however, alleged any actions by Defendant Lindsey that could satisfy the objective component of an excessive force claim. Plaintiff's allegations regarding Lindsey are limited to Lindsey's order for Plaintiff to get on the wall, and that Lindsey "frisked" and "harassed" Plaintiff. In the absence of any allegations that the frisking or harassment caused pain, lasting injury, or was inflicted in a manner "repugnant to the conscience of mankind," this type of *de minimis* use of physical force is "necessarily exclude[d] from constitutional recognition." *Hudson*, 503 U.S. at 9–10 (quoting *Whitley,* 475 U.S. at 327). Accordingly, Plaintiff's claim against Defendant Lindsey must be dismissed.

7

### III.    DISPOSITION

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 7) is **GRANTED**. Plaintiff **MAY PROCEED** on his individual-capacity damages claims for excessive force in violation of the Eighth Amendment against Defendants McCoy and Reynoso, but it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's remaining claims for failure to state a claim on which relief may be granted.

In light of Plaintiff's *in forma pauperis* status, Plaintiff is entitled to have the United States Marshal effect service of process over Defendants Reynoso and McCoy. Plaintiff has already submitted a summons form (Form AO-440) for each Defendant and a service of process by U.S. Marshal form (Form USM-285) for each Defendant (ECF No. 5). However, the summons form submitted for Reynoso is not properly completed as it does not contain Reynoso's name and address in the required section of the form. (*See* ECF No. 5, PAGEID #16.) If Plaintiff wishes to have the United States Marshal effect service, Plaintiff is **DIRECTED** to file a completed summons form (Form AO-440) for Defendant Reynoso and to submit two service copies of the Complaint to the Clerk of Court. If Plaintiff does so, the Clerk is **DIRECTED** to issue the summonses and the United States Marshal is **DIRECTED** to serve by certified mail upon Defendants Reynoso and McCoy the issued summons, a copy of the Complaint, and a copy of this Order and Report and Recommendation.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo*

determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

9